IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kami L. Pierce,  Case No. 3:13 CV 1744

        Plaintiff,  MEMORANDUM OPINION
  AND ORDER

-vs-  JUDGE JACK ZOUHARY

Commissioner of Social Security,

        Defendant.

## INTRODUCTION

Plaintiff Kami Pierce timely filed a Complaint (Doc. 1) against the Acting Commissioner of Social Security, seeking judicial review of the Commissioner's decision denying disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. This case was referred to Magistrate Judge Baughman for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 19–21), the Magistrate Judge recommended this Court affirm the Commissioner's final decision denying benefits (Doc. 24).

Now pending is Plaintiff's Objection to the R&R (Doc. 25) and Defendant's Response (Doc. 26). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 USC §§ 636 (b)(1)(B) & (C), this Court has made a de novo determination of the Magistrate Judge's findings. For the reasons below, this Court adopts the recommendation to affirm the Commissioner's denial of benefits.

**BACKGROUND**

The R&R accurately describes the relevant factual and procedural background from the record, and this Court adopts that discussion in its entirety (Doc. 24 at 2–4). Briefly, Plaintiff is now twenty-nine years old (*see* AR 26). She previously worked on an assembly line, in a restaurant busing tables, and in hotel housekeeping (AR 539–41). Plaintiff graduated high school, but a Social Security reviewing doctor found that Plaintiff "scores in the borderline range for intellectual functioning" according to certain test results, and has a reading comprehension level equivalent to the 5.8 grade level (AR 212). Plaintiff claims SSI and DIB benefits on the basis of lower back pain, bipolar disorder, and attention deficit hyperactivity disorder.

**STANDARD**

In reviewing a denial of SSI or DIB, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot

overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). However, procedural errors can be a basis for overturning the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## DISCUSSION

Plaintiff raises three primary objections to the R&R. First, Plaintiff argues the manner in which the ALJ conducted the October 2011 hearing denied her due process or shows ALJ bias against Plaintiff. Second, Plaintiff objects to the ALJ's failure to include a pace-related limitation in the hypothetical posed to the Vocational Expert ("VE"). Third, Plaintiff asserts the hypothetical posed to the VE failed to adequately account for her various intellectual challenges (*e.g.*, marginal education, "mild mental retardation, memory skills, or . . . borderline intellectual functioning" (Doc. 25 at 9)).

This Court rejects Plaintiff's due-process arguments. Plaintiff complains about the length of the ALJ's hearing, but does not demonstrate why a 47-minute hearing in which she was represented by counsel did not suffice to assemble an adequate record to assess her benefits claims. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983).

Plaintiff also argues that the ALJ improperly limited Plaintiff counsel's participation in the hearing. But the hearing transcript shows no objection by Plaintiff's counsel to the manner in which the ALJ conducted the hearing; indeed, Plaintiff's counsel complimented the ALJ for being "pretty thorough" in her examination of Plaintiff (AR 558). Plaintiff now explains away her counsel's failure to object to supposed limits imposed on his participation as professional courtesy. Plaintiff suggests

3

that had her counsel sought additional time to examine Plaintiff or the VE, the ALJ would have sanctioned Plaintiff's counsel. There is no record support for that assertion.

The ALJ did bar Plaintiff from presenting her mother's testimony about "limitations she observes" in Plaintiff (Doc. 25 at 5). Again, Plaintiff counsel did not object to this limitation on evidence at the hearing. In recommending this Court reject Plaintiff's argument on this point, the R&R reasons that the ALJ permissibly barred the mother's hearing testimony as cumulative of the mother's 8-page record statement (AR 134–41), which the ALJ discussed in her decision (*see* AR 21).

"The burden of overcoming the presumption of [the ALJ's] impartiality rests on the party making the assertion of bias, and the presumption can be overcome only with convincing evidence that a risk of actual bias or prejudgment is present." *Collier v. Comm'r of Social Security*, 108 F. App'x 358, 363–64 (6th Cir. 2004) (quoting *Navistar Int'l Transp. Corp. v. U.S. E.P.A.*, 941 F.2d 1339, 1360 (6th Cir. 1991)) (original brackets omitted) (internal quotation mark omitted). Plaintiff has not satisfied that heavy burden; she identifies no evidence of bias or the risk of bias.

In assessing whether the mother's hearing testimony was necessary to afford Plaintiff a hearing that comported with due process, this Court must consider, among other things, the likely value of the additional evidence presentation to preventing an erroneous deprivation of a protected interest. *See Flatford v. Chater*, 93 F.3d 1296, 1306 (6th Cir. 1996). Here, the ALJ discounted Plaintiff's mother's record statement because it was not "objective evidence" in support of a finding that Plaintiff had a qualifying physical or mental impairment (AR 21). Plaintiff does not explain the information she sought to elicit from her mother at the hearing, much less explain how that information would have gone beyond information contained in her mother's 8-page statement or

4

provided the sort of "objective evidence," or medical evidence, of a qualifying physical or mental impairment the ALJ sought.

Plaintiff also objects to the R&R's conclusion that a pace-related limitation need only be included in the RFC if, unlike here, the ALJ makes a specific duration or pace finding (*see* Doc. 24 at 20–21). This Court agrees with the Magistrate Judge's reading of the case law. *See Hill v. Comm'r of Soc. Sec.*, 2014 U.S. App. LEXIS 5848, at *11 (6th Cir. 2014) (explaining "a hypothetical is inaccurate when it fails to include a specific limitation found by the ALJ") (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516–17 (6th Cir. 2010)).

Finally, Plaintiff claims the hypothetical posed did not incorporate Plaintiff's marginal education, but instead described the hypothetical claimant as having "a high school education" (AR 559). Plaintiff did graduate high school, but not according to a conventional high-school track; she was enrolled in what she described as "slow learning" or special education classes (AR 542) and graduated near the bottom of her high school class (AR 189).

The VE identified three representative jobs, based on the ALJ's supposedly improper hypothetical -- folder, sorter, and janitor. Each of the three representative jobs had reasoning, math, and language comprehension levels equivalent to Plaintiff's 5.8-grade reading level, or to a marginal education level. 20 C.F.R. § 404.1564 ("Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education."). Plaintiff does not claim she is illiterate, as the regulations define that term (Doc. 25 at 8–9). Because each of the representative jobs identified by the VE could be performed by someone with a marginal education, even accepting Plaintiff's argument that the hypothetical should have described her education as

5

"marginal," any such error is harmless. *See Matthews v. Apfel*, 1999 U.S. Dist. LEXIS 19778, at **7–9 (E.D. Pa. 1999).

## **CONCLUSION**

For these reasons, Plaintiff's Objection (Doc. 25) is overruled, and this Court adopts the R&R (Doc. 24). The claim for benefits is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 31, 2014